(108 App. Div. 190.)

CRAWFORD v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Division, First Department.  November 10, 1905.)

1. TRIAL—CALENDARS—PREFERENCE.

The court has no power to prefer on the calendar one action over another between different parties, and substitute a later for a former action, on a mere allegation of an attorney that he made a mistake in bringing the first action, which is still pending.

[Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trial, §§ 34, 35.]

2. SAME.

The condition of the health of an aged plaintiff, on an application to grant her cause a preference on the calendar, must be shown by the affidavit of a physician.

Appeal from Trial Term, New York County.

Action by Sarah A. Crawford against the New York City Railway Company.  From an order granting a preference on the calendar, defendant appeals.  Reversed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Bayard H. Ames, for appellant.

PER CURIAM.  In March, 1903, plaintiff brought an action against the Metropolitan Street Railway Company for damages for personal injuries.  Issue was joined in the action.  It was noticed for trial for the May term, 1903, and was on the day calendar of the court in March, 1905.  In that month plaintiff commenced another action for the same cause of action against the New York City Railway Company.  Issue was joined in that second action and it was noticed for trial.  Thereafter, and in May, 1905, the plaintiff moved for an order of preference of this second action, and to have the case stricken from the general calendar and take the place on the calendar which the first action held, namely, No. 921.  The ground upon which the application seems to have been made is that the first action was begun by mistake; that the Metropolitan Street Railway Company, named as defendant therein, had changed its name to the Interurban Street Railway Company, and leave was asked to have the first action set over to the June term in order that another action might be commenced against the Interurban Street Railway Company.  The plaintiff's attorney, however, found that that company had also changed its name, viz., to the New York City Railway Company.  The only other reason alleged as a ground for the motion is that the plaintiff is an old woman, and, if she were compelled to wait for two years more, in all probability she would be dead; that the first action was commenced by mistake, the attorney not knowing at the time that the defendant had changed its name, and not having discovered that fact until one of the defendant's attorneys informed a clerk of the plaintiff's attorney that such was the case.  The motion to prefer the case was granted, and the defendant appeals.

The order directed "that the above-entitled action, numbered on the general calendar 2,603, be, and the same is hereby, preferred

and ordered to be placed upon the October call calendar for 1905 as a perferred cause." We know of no authority, even under the power which the court has to regulate its own calendar, to prefer one action over another between different parties, and substitute a later for a former action, upon a mere allegation of an attorney that he made a mistake in bringing the first action, which is still pending. Apart from the question of the plaintiff having lost the right to have the case preferred upon the calendar, we do not see that a sufficient reason is assigned for preferring this cause. It has not been held that the age of a plaintiff is a sufficient reason, standing alone, to prefer a cause. Here we have only her statement as to her health. That matter should have been sworn to by a physician.

We think the order granting a preference was wrong, and should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.